UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

AIRPORT LAND COMPANY, a
California Limited
Partnership,

           Plaintiff,

    v.

TYCO ELECTRONICS CORPORATION,
and DOES 1-20,

           Defendant.

2:07-cv-00646-MCE-KJM

MEMORANDUM AND ORDER

       Through the present action, Plaintiff Airport Land Company ("Plaintiff") alleges that Defendant Tyco Electronics Corporation ("Defendant") and Does 1-20 are liable for environmental contamination of Plaintiff's real property.[1]  Specifically, Plaintiff sues under theories of declaratory relief, breach of contract, strict liability, public nuisance, private nuisance, trespass, waste, negligence, and negligence *per se*.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1

1    Presently before the Court is Defendant's Motion to Dismiss
2 Plaintiff's Complaint for failure to state a claim upon which
3 relief can be granted.  For the reasons set forth below,
4 Defendant's Motion is DENIED.
5
6                           **BACKGROUND**
7
8    Plaintiff is the owner of certain real property located in
9 San Joaquin County, California ("Property").  The Property was
10 leased to Citation Circuits pursuant to a ten-year lease on
11 October 1, 1993 ("Lease").  By October 1995, the Property was
12 occupied by Sigma Circuits.  Plaintiff alleges that Defendant
13 purchased Sigma Circuits and that both Sigma Circuits and
14 Citation Circuits are predecessor companies of Defendant.
15 Plaintiff further alleges that Defendant assumed all liabilities
16 of those companies, including the terms of the Lease.  Plaintiff
17 attached a copy of the Lease to its Complaint.
18    According to Plaintiff's Complaint, the Property at issue is
19 presently contaminated with hazardous waste and other hazardous
20 substances.  Plaintiff alleges that Defendant and its
21 predecessors contaminated the Property by using hazardous
22 substances while operating their businesses.  Plaintiff argues
23 that Defendant is required to clean-up the site and is liable for
24 damages arising from use of the Property.
25    Plaintiff filed its Complaint in the Superior Court for San
26 Joaquin County on March 12, 2007.  Defendant removed the suit to
27 this Court on April 3, 2007.  On April 9, 2007, Defendant moved
28 to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6).

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 2007 U.S. LEXIS 5901, 20-22 (U.S. 2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 21 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

///
///
///
///

3

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

## ANALYSIS

**1.  Evidence of Assumption of Liability**

Defendant argues that it is not a proper party to this action because it is not a party to the Lease and Plaintiff has not provided evidence that Defendant assumed the Lease obligations. However, when reviewing a complaint, the court reviews the factual allegations made in plaintiff's complaint and assumes them to be true. *Yamaguchi*, 109 F.3d at 1481. Adequacy of evidence is not evaluated on a motion to dismiss. *Id.* Here, Plaintiff alleges that Defendant purchased Sigma Circuits and that as part of the purchase, Defendant assumed all liabilities of Sigma and Citation. Indeed, a purchasing company may, in certain instances, legally undertake the selling company's liabilities. *Atchison, Topeka & Santa Fe Ry. Co. v. Brown & Bryant, Inc., 159 F.3d 358, 361-362 (9th Cir. 1997).*

4

1  Accordingly, at this early stage in the litigation, and presuming
2  all Plaintiff's factual assertions as true, the Complaint is
3  sufficient to state a claim for relief.
4      Defendant, relying on an out of circuit case, also argues
5  that Plaintiff has pled itself out of court because the Lease
6  contradicts the allegations made in the Complaint.  "Generally, a
7  district court may not consider any material beyond the pleadings
8  in ruling on a Rule 12(b)(6) motion."  *Hal Roach Studios, Inc. v.*
9  *Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir.1990);
10 *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d
11 912, 925 (9th Cir. 2001).  However, the court may "consider
12 material which has been properly submitted as part of the
13 complaint" when deciding a Rule 12(b)(6) motion.  *Hal Roach*
14 *Studios*, 896 F.2d at 1555 n.19.  Here, Plaintiff does not allege
15 that Defendant was a party to the Lease.  Rather, Plaintiff
16 alleges that Defendant was assigned the terms of the Lease when
17 it purchased Sigma Circuits.  Therefore, the Lease itself does
18 not contradict Plaintiff's allegations.  Moreover, breach of
19 contract under the Lease is but one of Plaintiff's claims.
20 Plaintiff brings several other claims, including a claim for
21 negligence *per se* under the Comprehensive Environmental Response,
22 Compensation, and Liability Act (CERCLA).  Under CERCLA, a
23 successor company can be liable for the acts of its predecessors.
24 *Atchison, Topeka & Santa Fe Ry. Co., 159 F.3d at* 361.
25 Accordingly, failure to expressly name Defendant in the Lease
26 does not alone preclude liability if, as Plaintiff alleges,
27 Defendant is the successor company of Sigma and Citation.
28 ///

**2.     Tyco Printed Circuit Group**

In Defendant's Reply brief, Defendant argues that the proper party to this case is Tyco Printed Circuit Group LP.  The basis for this assertion is Plaintiff's reliance on a Corrective Action Consent Agreement of the California Environmental Protection Agency ("Agreement").  The Agreement refers to the Property and names the Respondent as Tyco Electronics Corporation Printed Circuit Group Stockton Division.  Defendant argues that Tyco Electronics Corporation and Tyco Printed Circuit Group LP are two separate entities and therefore Tyco Printed Circuit Group LP should be substituted as the correct Defendant in this case.  In fact, Defendant made an offer to the Plaintiff to substitute Tyco Printed Circuit Group LP as the defendant in exchange for dismissing Tyco Electronics Corporation.  However, the fact that the California Environmental Protection Agency combined the names of the two entities on the Agreement does not preclude Tyco Electronics Corporation from being a Defendant in this case. Furthermore, the signatory on the Agreement is listed as Senior Counsel of Tyco Electronics Corporation.  While making no assertion that the Agreement gives rise to any liability, neither does the Agreement alone provide sufficient reason to grant Defendant's Motion to Dismiss.

///
///
///
///
///

**CONCLUSION**

For the reasons set forth herein, Defendant's Motion to Dismiss is DENIED.

Dated: June 1, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

7